IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRUNZSWICK LAKEITH JONES #13070505 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv149 |
| BOTIE HILLHOUSE | § | |

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Brunzswick Lakeith Jones, an inmate of the Henderson County Jail proceeding *pro se*, filed this federal petition for a writ of habeas corpus without paying the filing fee. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

On March 30, 2023, the Court found that Petitioner had neither paid the filing fee nor filed an application to proceed *in forma pauperis* (IFP). (Dkt. #3.) Accordingly, the Court gave Petitioner thirty days to either pay the fee or file a properly supported motion to proceed IFP. (*Id.*) The Court expressly warned Petitioner that failure to comply might result in dismissal for nonpayment and failure to prosecute. (*Id.*) Petitioner has failed to comply with the order and has not sought an extension of time or taken any other steps since that date to prosecute this case.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)

(explaining that a habeas petition may be dismissed pursuant to Rule 41(b)). Further, the district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Petitioner failed to comply with the order directing him to satisfy the fee requirement for this case. Dismissal with prejudice for failure to prosecute or to comply an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Petitioner's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled habeas corpus action be dismissed, without prejudice, for Petitioner's failure to satisfy the fee requirement and to comply with an order of the Court.  It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*, which refers to an appeal of this case only and does not prevent refiling.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 30th day of June, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE